UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COMMERCE BANK & TRUST COMPANY, ) ) ) | | CIVIL ACTION |
| Plaintiff, ) ) | | NO. 4:14-CV-40140-TSH |
| v. ) ) | | |
| RIA LLC, DANIEL C. HALES, AND KENNETH R. LEISHER, ) ) ) | | |
| Defendants. ) ) | | |

**MEMORANDUM AND ORDER ON DANIEL HALES'S MOTION TO VACATE**
**DEFAULT AS TO KENNETH LEISHER (Docket No. 49)**

**February 3, 2016**

**HILLMAN, D.J.**

In 2007, Kenneth Leisher and Daniel Hales formed RIA, LLC, for the purpose of purchasing a Baron Beechcraft airplane in California. RIA financed the airplane with a $198,450 loan from Commerce Bank & Trust Co. (Commerce), using the airplane as collateral, with Hales and Leisher as personal guarantors. According to Leisher, Hales excluded him from using the plane, and in 2010 the parties agreed that Leisher would resign from the LLC and that Hales would bear full liability for the debt. According to Hales, Leisher unilaterally abandoned the venture in 2010, and there was no agreement to release Leisher from liability. Ultimately, Leisher left California, Hales fell behind on payments, and RIA defaulted on the debt.

On September 29, 2014, Commerce brought the instant action against Hales, Leisher, and RIA, to enforce the promissory note obligation. Hales failed to respond, and this Court entered default against him on December 16, 2014. On November 19, 2014, Leisher answered

Commerce's complaint and asserted a cross-claim against Hales for indemnification and contribution, in the event that Leisher was held liable by Commerce. Hales was served with Leisher's cross-claim on or about January 22, 2015. Hales again failed to respond and was defaulted on the cross-claim on April 3, 2015. On the same day, this Court also entered default against RIA on Commerce's claims.

On June 1, 2015, this Court issued a separate and final judgment in favor of Commerce against RIA and Hales, jointly and severally, in the amount of $210,776.58, followed ten days later by a writ of execution. In August of 2015, Commerce apparently agreed to release and terminate its security interest in the aircraft in exchange for $70,000 from a third-party sale negotiated by Hales. According to Hales, he has agreed to purchase the promissory note from Commerce and, after he becomes the holder of the note, he "will be entitled to assert all of [his] claims against, among others, Leisher and Mrs. Leisher." (Docket No. 51 ¶ 18.) Commerce has also commenced supplementary process against Hales and RIA in the Central District of California, imposing a judicial lien against Hales's residence.

On November 30, 2015, nearly eight months after the entry of default on Leisher's cross-claim, Hales filed the instant motion to vacate. He has submitted an affidavit, explaining his reasons for failing to respond to the claim. Hales is an attorney who practices in California. In November of 2014, his law partner injured her back and did not return to work until March of 2015. Hales had to take responsibility for his partner's cases while she was out. Additionally, in January of 2014—approximately sixteen months before the entry of default and nearly two years before the instant motion—Hales's brother was killed in a car accident. According to Hales, he has since devoted much of his time to his brother's wrongful-death lawsuit.

Hales claims that, because of these events, he "did not notice and/or was unable to respond to the Notice of Default filed by Commerce, and the Cross Complaint filed by [Leisher]." (Docket No. 51 at ¶ 6.) Hales further asserts that he has "meritorious defenses and counterclaims against Leisher and against Leisher's wife."[1] (Docket No. 51 at ¶ 8.) Specifically, Hales contends that Leisher breached his fiduciary duty in 2010 by abandoning the LLC and neglecting his obligation to make payments on the promissory note. Leisher, for his part, opposes Hales's motion, arguing that Hales's reasons for failing to respond are not sufficient cause to set aside the default.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "The court may set aside an entry of default for good cause . . . ." "'Good cause' is a mutable standard, varying from situation to situation." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). It is also a liberal standard, "but not so elastic as to be devoid of substance." *Id.* It is a lower standard than that for vacating a judgment pursuant to Rule 60(b). *Id.* Numerous factors are relevant to an analysis under Rule 55(c): whether the default was willful; whether setting aside the default would prejudice the adversary; whether a meritorious defense is presented; the strength of the proffered explanation for the default; the good faith of the parties; the amount of money involved; and the timing of the motion. *Id.*; *KPS & Associates, Inc. v. Designs By FMC, Inc.,* 318 F.3d 1, 12 (1st Cir. 2003).

Here, Hales does not deny having been served and having knowledge of Leisher's cross-claim. Additionally, his proffered explanations are questionable when considered within the applicable timeframe. Even assuming arguendo that Hales's law partner's back injury was a sufficient excuse for failing to respond to the cross-claim, Hales states that his partner returned to work in March of 2015, the month before the entry of default. Additionally, nearly eight months passed between the entry of default and the filing of the instant motion, during which time Hales's

---

[1] According to Hales, Leisher's wife was also a member of RIA.

3

law partner was back at work. With regard to the sudden death of Hales's brother, this event, although understandably devastating, occurred more than a year before the entry of default. Considering that Hales is an attorney by trade, I do not find that the ongoing wrongful-death litigation is a credible excuse for this default. It strains credulity to think that a claim for over $200,000 would not be given deference, even in a busy law practice.

Hales has not precisely suggested facts to defend against Leisher's counterclaim. He has only asserted that he intends to pursue his own claims for indemnification, contribution, and breach of fiduciary duty against Leisher for having abandoned the LLC in 2010. Moreover, as Leisher notes, this case appears to be concluding. Commerce has obtained a separate and final judgment against Hales; it is pursuing supplementary proceedings against Hales; and it has released its lien on the airplane in exchange for a cash payment. According to Leisher, Commerce "has taken little to no action prosecuting the Count against Leisher." (Docket No. 55 at 9.) Thus, because Commerce has not pursued its claim against Leisher, Leisher's cross-claim against Hales for indemnity currently has no value.

I find Hales's excuses unconvincing, and that lifting the default would serve little purpose in furthering the interests of justice. Accordingly, Hales's motion (Docket No. 49) is *__denied__*.

**SO ORDERED.**

                                                        */s/ Timothy S. Hillman*
                                                        **TIMOTHY S. HILLMAN**
                                                        **DISTRICT JUDGE**